NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS VALDEZ, | No.   17-35407 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-03151-MKD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Submitted August 14, 2018[**]

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Luis Valdez appeals the district court's decision affirming the Commissioner of Social Security's denial of Valdez's application for supplemental security income under Title XVI of the Social Security Act.  We review de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The ALJ properly provided clear and convincing reasons supported by substantial evidence to discredit Valdez's testimony. *See Garrison*, 759 F.3d at 1014-15 (standard of review). First, substantial evidence supports the ALJ's reasoning that the medical evidence did not support Valdez's testimony. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (explaining that the ALJ may properly include lack of supporting medical evidence in the reasons to discredit claimant testimony as long as it is not the only reason). The ALJ reasonably concluded that the medical evidence as a whole supported only relatively mild mental health limitations and only mild to moderate degenerative changes in Valdez's spine. Second, the ALJ reasonably identified Valdez's specific testimony as to his need to lie down during the day and his limitations in social interaction and concentration as inconsistent with Valdez's activities as actually performed, including playing sports, living in a shelter with others, visiting the library, and reading the newspaper. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (requiring the ALJ to make specific findings as to what evidence discredits what testimony); *Garrison*, 759 F.3d at 1016 (explaining that a claimant's activities are a valid basis to discredit their testimony only when the activities as actually performed are inconsistent with the testimony). Any error in relying on additional reasons was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

17-35407

The ALJ provided specific and legitimate reasons to reject treating psychiatrist Dr. Rodenberger's opinion, including inconsistency with objective medical evidence in the record and lack of support by Dr. Rodenberger's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with objective medical evidence); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (lack of support by clinical findings). Substantial evidence supports the ALJ's conclusion that Dr. Rodenberger's phrase "stably unstable" was too vague to support his opinion.

The ALJ properly rejected examining psychologist Dr. Moon's opinion because it was (1) inconsistent with the longitudinal record of Valdez's conditions, and (2) it relied on Valdez's untrustworthy self-reports. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (concluding that the ALJ may properly reject the opinion of a treating physician that relies on a claimant's unreliable self-reports); *Tommasetti*, 533 F.3d at 1041 (ALJ may reject medical opinion that is inconsistent with objective medical evidence). While Dr. Moon conducted a clinical interview and mental status examination, Dr. Moon's report explicitly indicated that it relied on Valdez's self-report in assessing specific functional limitations.

The ALJ properly rejected the opinions provided for Washington State Department of Social & Health Services by several examining social workers as

3

inconsistent with the longitudinal record. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (concluding that inconsistency with objective medical evidence is a germane reason to reject non-acceptable medical opinions). Because no evidence showed that Ms. Vaagen and Mr. Moen acted under close supervision of a treating psychiatrist, the ALJ was not required to provide specific and legitimate reasons to reject their opinions. *See Molina*, 674 F.3d at 1111 (reasoning that a non-acceptable medical source should not be treated as an acceptable medical source when no evidence shows that they acted under close supervision of a physician).

The ALJ properly rejected opinions as to Valdez's physical limitations from his treating Nurse Practitioners because of a lack of supporting medical evidence and reliance on Valdez's self-reports. *See Molina*, 674 F.3d at 1112 (inconsistency with medical evidence is a germane reason to reject non-acceptable medical opinions); *Bray*, 554 F.3d at 1228 (concluding that the ALJ may properly reject the opinion of a treating physician that relies on a claimant's unreliable self-reports).

Any error in failing to discuss the opinions of non-examining psychologists Dr. Eisenhauer and Dr. Covell was harmless because the ALJ properly rejected the only medical evidence that Dr. Eisenhauer and Dr. Covell relied on. *See Molina*, 674 F.3d at 1115 (this court should not remand on account of harmless error); *Bayliss*, 427 F.3d at 1216 (9th Cir. 2005) ("an ALJ need not accept the opinion of a

doctor if that opinion is . . . inadequately supported by clinical findings" (citation omitted)).

The ALJ properly reviewed the remaining medical evidence, and substantial evidence supports the ALJ's conclusion giving greatest weight to the opinions of Drs. Dougherty, Gentile, and Beaty. By limiting Valdez to simple instructions and work that requires only occasional changes, the ALJ reasonably assessed specific functional limitations consistent with the record as a whole, including Dr. Gentile's opinion that Valdez's attention would wane episodically. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (reasoning that the ALJ was not required to reject a medical opinion where the RFC reasonably assessed specific functional limitations that adequately accounted for the opinion).

**AFFIRMED.**